JAMES N. GOLDING v. TOM F. TAYLOR

No. 7328SC376

(Filed 22 August 1973)

1. **Process § 9; Rules of Civil Procedure § 4— defendant in another state — sufficiency of process**

   An action for alienation of affections and for criminal conversation is an action *ex delicto* and involves "injury to person or property" within the contemplation of G.S. 1-75.4; therefore, defendant was properly served and the North Carolina court obtained jurisdiction over his person and the cause of action where process was served on defendant by a person authorized under the laws of the State of Georgia to serve process, defendant was a citizen and resident of North Carolina at the time of the occurrence of the matters complained of in the complaint, the acts complained of occurred in North Carolina, and defendant departed from the State subsequent to the occurrence of the matters complained of.

2. **Constitutional Law § 33; Rules of Civil Procedure § 33— objections to interrogatories on ground of self-incrimination — waiver**

   Though failure to object to interrogatories within the time fixed by Rule 33 of the Rules of Civil Procedure is ordinarily a waiver of any objection, that principle must yield to the privilege against self-incrimination guaranteed by the Fifth Amendment to the Federal Constitution; therefore, the trial court erred in denying defendant's objections to, and requiring him to answer, all unanswered interrogatories, even though defendant did not object to the interrogatories within ten days after they were served, where many answers would have been incriminating to defendant.

APPEAL by defendant from *Thornburg, Judge,* from order filed 12 December 1972, BUNCOMBE Superior Court.

This action was instituted by the filing of complaint and issuance of summons on 22 June 1972. In the complaint, plaintiff alleges a cause of action for alienation of affections and criminal conversation occurring between 1 September 1971 and

22 June 1972. The complaint alleges: Plaintiff is a citizen and resident of Buncombe County, North Carolina, and defendant was a citizen and resident of said county and state until 9 May 1972 when he fled from North Carolina and since that time has resided in Atlanta, Georgia. Plaintiff and his wife were married to each other on 19 December 1959, thereafter had three children, and until the acts by defendant complained of, plaintiff, his wife and children enjoyed a happy home relationship. On various dates subsequent to 1 September 1971, defendant committed acts of adultery with plaintiff's wife, most of said acts being in North Carolina but others being in Georgia and Tennessee. On 9 May 1972, defendant came to Buncombe County and persuaded plaintiff's wife to leave plaintiff's household, accompany defendant to Atlanta, Georgia, and there live with him. Plaintiff prays for compensatory damages in amount of $45,000.

The stipulation of counsel recites that defendant received a copy of the summons and complaint from the Sheriff of Fulton County, Georgia, on 27 June 1972. On 24 July 1972 defendant's counsel obtained an order enlarging the time for answering or otherwise pleading to the complaint until 21 August 1972. On 27 July 1972 plaintiff's counsel delivered to defendant's counsel 93 interrogatories.

On 21 August 1972 defendant filed answer setting forth, among other things, (1) motion to quash the service of process and dismiss the action, (2) motion for stay of proceeding and transfer of action to the Superior Court of Fulton County, Georgia, and (3) motion for protective order.

On 25 August 1972 defendant filed answers to some 10 of plaintiff's interrogatories but objected to the others on the ground that defendant's answers to them "could or might tend to incriminate him" in violation of his rights guaranteed by Amendment V of the U. S. Constitution.

Various other motions not pertinent to this appeal were filed and notices of hearings were served. After several continuances, a hearing was held on (1) defendant's motions set forth in his answer, (2) defendant's motion for protective order as set forth in a separate pleading, (3) defendant's objections to interrogatories, and (4) plaintiff's motion to strike certain portions of defendant's answer.

Following the hearing the court entered an order setting forth specific findings of fact on the question of service of process, denied all of defendant's motions and ordered that defendant answer all interrogatories not theretofore answered. Defendant appealed.

*Morris, Golding, Blue & Phillips by William C. Morris, Jr., attorneys for plaintiff appellee.*

*Bennett, Kelly & Long, P.A., by E. Glenn Kelly, attorneys for the defendant.*

BRITT, Judge.

Defendant assigns as error the denial of his motion to quash the service of process and dismiss the action. This assignment has no merit.

G.S. 1-75.4 provides in pertinent part: "A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances: * * * (3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant."

[1] We hold that an action for alienation of affections and for criminal conversation is an action *ex delicto* and involves "injury to person or property" within the contemplation of the above quoted statute. *Hardison v. Gregory,* 242 N.C. 324, 88 S.E. 2d 96 (1955). The court found facts to the effect that process in this action was served on defendant by a person authorized under the laws of the State of Georgia to serve process, that at the time of the occurrence of the matters complained of in the complaint, defendant was a citizen and resident of North Carolina, that acts of defendant complained of occurred in North Carolina and that defendant departed from the State of North Carolina subsequent to the occurrence of the matters complained of in the complaint. The findings of fact are fully supported by the affidavits and answers to interrogatories presented at the hearing and the findings fully support the court's conclusion that personal service "has been had" upon the defendant and that the Superior Court of Buncombe County has jurisdiction over the cause of action and over the parties.

[2]   Defendant assigns as error the overruling of his objections to, and the court's requiring him to answer, plaintiff's interrogatories.

Answers to many of the interrogatories could be incriminating to defendant. As an example, Interrogatory 17 inquires as to whether defendant saw plaintiff's wife in Atlanta, Georgia, during September of 1971, whether defendant had sexual intercourse with plaintiff's wife in Atlanta, how defendant and plaintiff's wife traveled from Asheville to Atlanta, where defendant and plaintiff's wife stayed while in Atlanta, etc.

Plaintiff contends that defendant failed to object to the interrogatories within ten days after they were served as required by G.S. 1A-1, Rule 33, therefore, defendant has lost his right to object. This contention is supported by Wright and Miller in their treatise on Federal Practice and Procedure; in Vol. 8, § 2173, p. 544, in their comments on Federal Rule 33, which is very similar to our Rule 33, we find: "It is inappropriate for a party to decide for himself that an interrogatory is improper. It is his responsibility either to answer the interrogatory or to object. In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection."

While we agree that ordinarily, in the absence of an extension of time, failure to object to interrogatories within the time fixed by the rule is a waiver of any objection, we hold that this principle must yield to the privilege against self-incrimination guaranteed by the Fifth Amendment to the Federal Constitution. In 98 C.J.S., Witnesses, § 456, pp. 311-312, it is said: "The waiver [of the privilege against self-incrimination] may be express or specific, that is, by word of mouth or by writing, or it may be by some act amounting to waiver; in the latter event an act alleged to constitute the waiver must be carefully appraised, and any doubt must be resolved against the waiver."

In view of our holding on the question of waiver, that portion of Judge Thornburg's order denying defendant's objections to, and requiring him to answer, all unanswered interrogatories is vacated. The cause will be remanded to the superior court where the court will conduct a hearing, pass upon the merits of defendant's refusal to answer each of the unanswered interrogatories on ground of self-incrimination, and require defendant to answer the interrogatories where his answers would not be self-incriminating.

We have considered the other assignments of error brought forward and argued in defendant's brief but finding them to be without merit, they are overruled.

Remanded.

Chief Judge BROCK and Judge CAMPBELL concur.