THOMAS H. CHAMBERLIN v. NANCY ANN SHIPMAN CHAMBERLIN

No. 838DC1069

(Filed 18 September 1984)

**Divorce and Alimony § 1.1— jurisdiction—residency requirement**

> The requirement of N. C. law that one of the parties to a divorce action based on one year's separation be a resident of this State for six months next preceding the filing of the divorce action is jurisdictional and confers the necessary subject matter jurisdiction for the trial court to proceed *in rem* under G.S. 1-75.8(3), and since the jurisdictional residency requirement was clearly met in this case, the trial court correctly concluded as a matter of law pursuant to that statute that it could proceed to adjudicate the dissolution of the marriage between plaintiff, a resident of N. C., and defendant, a resident of Pennsylvania.

APPEAL by defendant from *Goodman, Judge*. Judgment entered 3 August 1983 in District Court, LENOIR County. Heard in the Court of Appeals 21 August 1984.

This is an action for divorce in which plaintiff, Thomas H. Chamberlin, seeks an absolute divorce from the defendant, Nancy Ann Shipman Chamberlin.

The essential facts are:

Plaintiff instituted this action on 9 May 1983 by filing a complaint alleging, *inter alia*, that he was a resident of North Carolina and had been so for a period of six months next preceding

the filing of the action, that plaintiff and defendant were married on 5 June 1965, that they had been continuously separated since 8 May 1982 and that plaintiff was entitled to an absolute divorce based on one year's separation.

The summons and complaint were served upon the defendant at her place of residence in Pennsylvania pursuant to G.S. 1A-1, Rule 4(j)(1)(c).

Defendant filed a pre-answer motion to dismiss for lack of jurisdiction over her person pursuant to G.S. 1A-1, Rules 12(b)(2), 12(b)(4) and 12(b)(5). From a denial of her motion to dismiss, the defendant appeals.

*White, Allen, Hooten, Hodges and Hines, by John C. Archie, for plaintiff-appellee.*

*Taylor, Warren, Kerr and Walker, by David E. Hollowell, for defendant-appellant.*

EAGLES, Judge.

We note at the outset that an appeal lies immediately from refusal by the trial court to dismiss a cause for want of jurisdiction over the person where the motion is made pursuant to G.S. 1A-1, Rule 12(b)(2). *Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. 2d 182 (1982); G.S. 1-277(b). Defendant does not challenge the sufficiency of process or the manner of service in her brief and has thus waived argument concerning the trial court's denial of her motion to dismiss pursuant to G.S. 1A-1, Rules 12(b)(4) and 12(b)(5). Rule 28(b)(5), Rules of Appellate Procedure.

In the sole remaining assignment of error, defendant asserts that the trial court erred in denying her motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(2). We hold that there was no error.

Defendant contends that the trial court does not have personal jurisdiction over her for the purpose of granting an absolute divorce based upon one year's separation as prayed for by the plaintiff. This contention is without merit.

An action for divorce is a statutory proceeding which differs substantially from any other type of proceeding . . . In some respects a divorce action is in the nature of an action *in*

*rem* and in others *in personam*. When the action is limited solely to a dissolution of the marriage, it has been considered a proceeding *in rem*, the *res* upon which the judgment operates being the *status* of the parties. [Emphasis added.] 1 Lee, *North Carolina Family Law*, Section 41 (4th Ed. 1979).

G.S. 1-75.8 states, in pertinent part: "A court of this State having jurisdiction over the subject matter may exercise jurisdiction *in rem* . . . (3) [w]hen the action is for a divorce or annulment of a resident of this State."

Our law requires that one of the parties to a divorce action based upon one year's separation be a resident of this State for six months next preceding the filing of the divorce action. This residency requirement is jurisdictional and confers the necessary subject matter jurisdiction for the trial court to proceed *in rem* under G.S. 1-75.8(3). See, *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). Since this jurisdictional residency requirement was clearly met in the instant case, the trial court correctly concluded as a matter of law pursuant to G.S. 1-75.8(3) that it could proceed.

While the due process mandates of fairness apply with equal force to actions *in rem* and *quasi in rem* as well as to actions *in personam*, *Canterbury v. Monroe Lange Hardwood Imports*, 48 N.C. App. 90, 268 S.E. 2d 868 (1980), it is also clear that the General Assembly in enacting G.S. 1-75.8(3) intended to confer on the North Carolina courts the full jurisdictional powers permissible under federal due process as they relate to *in rem* and *quasi in rem* jurisdiction for divorce and annulment proceedings of North Carolina residents. See, *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977) (holding similarly for G.S. 1-75.4, the State's "Long Arm Statute").

In *Shaffer v. Heitner*, 433 U.S. 186 (1977), the United States Supreme Court held the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), applicable to all actions whether *in personam*, *in rem* or *quasi in rem*. However, the *Shaffer* court also stated: "It appears, therefore, that jurisdiction over many types of actions which are now or might be brought *in rem* would not be affected by a holding that any assertion of state court jurisdiction must satisfy the *International Shoe* standard." 433 U.S. at 208.

In a footnote, the *Shaffer* court continued: "We do not suggest that jurisdictional doctrines other than those discussed in . . . [the text of the opinion], such as rules governing adjudications of status, are inconsistent with the standard of fairness." 433 U.S. at 208 n. 30.

G.S. 1-75.8(3) governs *in rem* and *quasi in rem* jurisdiction over the marriage status of residents of this State. G.S. 1-75.8(3) is a necessary means to accomplish the compelling interest of North Carolina courts in adjudicating the status of North Carolina residents. Given the State's compelling interest in determining the status of its residents, balanced against defendant's arguments of lack of "minimum contacts," we cannot say that G.S. 1-75.8(3) is inconsistent with the standard of due process fairness announced in *Shaffer v. Heitner, supra.*

For these reasons, we hold that the District Court of Lenoir County has jurisdiction pursuant to G.S. 1-75.8(3) to adjudicate the dissolution of the marriage between plaintiff, a resident of this State, and defendant, a resident of the State of Pennsylvania.

Defendant's other assignments of error are without merit.

The judgment of the trial court is affirmed.

Judges ARNOLD and WHICHARD concur.