ETR CORPORATION v. WILSON WELDING SERVICE, INC.

No. 8918SC675

(Filed 4 January 1990)

1. **Process § 14.3 (NCI3d) — foreign corporation — in personam jurisdiction — contact sufficient**

    The contacts of a Georgia corporation with North Carolina were sufficient to constitute substantial activity for purposes of invoking in personam jurisdiction under N.C.G.S. 1-75.4(1)d where there were telephone conversations between plaintiff's representatives in High Point and defendant's representatives in Georgia; an invoice was mailed from Georgia to North Carolina and a check from North Carolina to Georgia; defendant made a service call for boiler repairs in Canton, North Carolina for another company; and defendant delivered boiler parts to Oxford Industries in Burgaw, North Carolina.

    **Am Jur 2d, Foreign Corporations §§ 329, 330, 344, 345, 350.**

2. **Process § 9.1 (NCI3d) — jurisdiction over nonresident defendant — money as thing of value**

    The requirements for obtaining long-arm jurisdiction under N.C.G.S. 1-75.4(5)d were met when defendant sent a bill from Georgia to High Point, North Carolina and plaintiff then sent a check from High Point to Georgia. *Pope v. Pope*, 38 N.C. App. 328, held that payments are a thing of value within

ETR CORPORATION v. WILSON WELDING SERVICE

[96 N.C. App. 666 (1990)]

N.C.G.S. 1-75.4(5)c, and the same construction applies to N.C.G.S. 1-75.4(5)d.

**Am Jur 2d, Foreign Corporations §§ 365, 368.**

3. **Process § 14.3 (NCI3d); Constitutional Law § 24.7 (NCI3d) — foreign corporation — minimum contacts — evidence sufficient**

A defendant corporation had sufficient minimum contacts with North Carolina to justify the exercise of personal jurisdiction without violating due process where defendant engaged in several North Carolina business arrangements and on three occasions entered the state and conducted relations with North Carolina businesses.

**Am Jur 2d, Foreign Corporations §§ 318, 329.**

APPEAL by defendant from Order entered 4 April 1989 by *Judge Russell G. Walker, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 6 December 1989.

Defendant is a Georgia Corporation. In 1987, the defendant contracted to do certain work in Ballground, Georgia for the Gold Kist Corporation. Plaintiff, a North Carolina Corporation also had contractual relations with the Gold Kist Corporation on the same job. Defendant agreed with Gold Kist that it would deliver and install at the job site a Cyclotherm boiler. Defendant was instructed to invoice the boiler to plaintiff corporation. Subsequently, there were telephone communications between representatives of the defendant in Georgia and plaintiff in North Carolina concerning the price of the boiler. A bill was sent to ETR Corporation from defendant's office in Georgia on 31 March 1987; and in April, 1987 a check drawn on plaintiff's North Carolina bank was mailed to defendant in Georgia and negotiated by defendant through its Georgia bank.

On 24 March 1988, plaintiff filed suit in North Carolina against the defendant alleging breach of contract. On 25 May 1988, defendant filed a motion to dismiss plaintiff's complaint on the grounds that the North Carolina court does not have jurisdiction over the person of the defendant. On 4 April 1989, defendant's motion was denied. On 12 April 1989, defendant filed notice of appeal to this Court.

*Harrison, North, Cooke & Landreth, by A. Wayland Cooke, for plaintiff-appellee.*

*James W. Workman, Jr., for defendant-appellant.*

LEWIS, Judge.

The issue before this Court is whether the trial court erred in denying defendant's motion to dismiss based upon lack of personal jurisdiction. Resolution of the question of *in personam* jurisdiction over a foreign corporation involves a two pronged test: (1) Whether North Carolina's "long-arm" statute permits courts in this jurisdiction to entertain the action; and (2) whether exercise of this jurisdictional power comports with due process of law. *Miller v. Kite*, 313 N.C. 474, 476, 329 S.E.2d 663, 665 (1985).

I.

[1] Plaintiff asserts jurisdiction under G.S. Section 1-75.4(1)d which states that the court has jurisdiction over the person of a party defendant when that defendant is "engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." We find that the defendant has engaged in "substantial" activities within this state. Defendant's contacts with our state in connection with this cause of action were: (1) telephone conversations between defendant's representatives located in the state of Georgia and plaintiff's representatives located in High Point, North Carolina; (2) an invoice mailed by defendant from Georgia to plaintiff in North Carolina and payment of this invoice by a check mailed from North Carolina to defendant in Georgia.

Other activities not related directly to this particular action in which defendant engaged in North Carolina were: (1) a service call on 11 October 1988 to perform emergency boiler repairs in Canton, North Carolina for another company; (2) the delivery of boiler parts by defendant to Oxford Industries in Burgaw, North Carolina. We hold that these contacts with the state are sufficient to constitute "substantial" activity for purposes of invoking the court's *in personam* jurisdiction under G.S. Section 1-75.4(1)d.

[2] Plaintiff has also alleged that it has jurisdiction under G.S. Section 1-75.4(5)d. This statute provides for jurisdiction "in any action which relates to goods, documents of title or other things of value shipped from this State by the plaintiff to the defend-

ETR CORPORATION v. WILSON WELDING SERVICE

[96 N.C. App. 666 (1990)]

ant on his order or direction." Plaintiff argues that its shipment of a check to defendant was at defendant's "order" and amounts to a "thing of value" for purposes of our statute. In *Pope v. Pope*, 38 N.C. App. 328, 331, 248 S.E.2d 260, 262 (1978), our Court held that money payments are a "thing of value" within G.S. Section 1-75.4(5)c. This same construction applies to G.S. Section 1-75.4(5)d. Therefore, we conclude that this case does meet the requirements of the long-arm statute for personal jurisdiction.

II.

[3] The second step of the inquiry is the determination of whether the court's exercise of *in personam* jurisdiction over the nonresident defendant is consistent with due process. Where the action arises out of defendant's contact with the forum state, the issue is one of "specific" jurisdiction. *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 366, 348 S.E.2d 782, 786 (1986). To establish specific jurisdiction, the court analyzes the relationship among the parties, the cause of action, and the forum state. *Id.* It must be shown that the defendant has had "minimum contacts" with our state that satisfy "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (*quoting* from *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 283 (1940) ). In the present case, defendant has engaged in several North Carolina business arrangements. On three occasions the defendant has entered the state and conducted relations with North Carolina businesses. It is generally conceded that a state has a "manifest interest" in providing its residents with a convenient forum for addressing injuries inflicted by out-of-state actions. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 85 L.Ed.2d 528, 541 (1985). Defendant has failed to demonstrate any reason why the exercise of jurisdiction over it would be unfair. North Carolina is as convenient a forum as any to resolve this dispute. We find the defendant has had sufficient minimum contacts with this state to justify the exercise of personal jurisdiction over it without violating the due process clause.

Affirmed.

Judges JOHNSON and COZORT concur.