FRAN'S PECANS, INC., Plaintiff v. WILLIAM A. GREENE and CENTENNIAL FOODS, INC., Defendants

No. COA98-1053

(Filed 6 July 1999)

## 1. Appeal and Error— assignment of error—required

The denial of a motion to dismiss under forum non conveniens was affirmed where defendant failed to assign error to the trial court's conclusion of law.

## 2. Jurisdiction— long arm—injury to person or property in state

The trial court did not err by denying defendant-Centennial Foods' motion to dismiss for lack of personal jurisdiction where defendant argued that N.C.G.S. § 1-75.4(4) (a) requires proof of an actual injury within the state, but the statute requires only an allegation of injury; the injuries alleged here all occurred with the implementation of defendant's solicitation and sales to North Carolina customers in the fall of 1997, by which time plaintiff had relocated its headquarters to North Carolina and could claim injury within the state; these local injuries were the result of activities by defendant outside of North Carolina; and the

sales and solicitation activities admitted by defendant in the fall of 1997 are proximate enough in time to fulfill the statute's requirements.

### 3. Jurisdiction— minimum contacts—sufficient

Defendant had sufficient minimum contacts to justify the exercise of personal jurisdiction without violating due process where defendant mailed at least 1,937 sales catalogs to North Carolina residents, sold products to 239 North Carolina residents, generating over $12,000 in sales, and defendant could expect to use North Carolina courts to enforce the sales contracts.

Appeal by defendant Centennial Foods, Inc. from an order filed 11 June 1998 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 April 1999.

*Haynsworth Baldwin Johnson & Greaves LLC, by Robert S. Phifer and Linda M. Fox, for defendant-appellant.*

*Robinson Bradshaw & Hinson, P.A., by Julian H. Wright, Jr., for plaintiff-appellee.*

LEWIS, Judge.

Defendant Centennial Foods, Inc. appeals the trial court's denial of its motion to dismiss for lack of personal jurisdiction or, alternatively, to dismiss on the grounds of *forum non conveniens*. Defendant William A. Greene ("Greene") is not a party to this appeal. The evidence presented showed that plaintiff is a Georgia corporation with its principal place of business in Charlotte and an office in Harlem, Georgia. Plaintiff acquired space in an office building in Charlotte and established its headquarters there in September 1997. Defendant is a Georgia corporation with its headquarters in Augusta, Georgia. Both corporations sell gifts of specialty foods and do the majority of their business in the holiday buying season from September through the end of December. Prior to August 1997 Greene was the president and a director of plaintiff corporation. In this capacity he had access to information pertaining to the inner workings of plaintiff, specifically customer lists, pricing and profit margin information, customer history, and financial information about plaintiff's debts and profitability. Greene also established the wholesale prices each year by factoring in component costs, information not generally known in the industry.

In 1996 plaintiff attempted to acquire Eilenberger's Bakery, ("Eilenberger's") a commercial bakery based in Texas, for $1.6 million. Greene and Charles Calhoun began their own attempt to purchase both plaintiff and Eilenberger's in October 1996. Since plaintiff knew that Greene wished to acquire both it and Eilenberger's, plaintiff did not pursue the purchase of Eilenberger's further. The anticipated sale to Greene fell through. In May 1997 Greene learned that Eilenberger's was again for sale, this time for less than $1 million. Rather than inform plaintiff, Greene told Calhoun. Calhoun incorporated defendant in Georgia for the purpose of acquiring Eilenberger's. It did so on 15 August 1997. Greene resigned from plaintiff effective 1 September 1997 and began working for defendant on that same day. Greene's employment with defendant included responsibilities for sales and marketing of their product. Defendant mailed 1,937 of its catalogs to North Carolina residents, 239 of whom placed orders totaling $12,323.95 in sales. Plaintiff alleges these sales opportunities were the result of Greene's taking valuable information about trade secrets and proprietary information with him upon his termination of employment with plaintiff.

[1] In its notice of appeal, defendant claims it is entitled to a dismissal under the common law doctrine of *forum non conveniens*. However, defendant failed to assign error to Conclusion of Law No. 5, in which the trial court stated, "Dismissing or staying this litigation under . . . the common law doctrine of *forum non conveniens* would be inappropriate, as there is insufficient evidence to establish that a substantial injustice would result from Defendant Centennial litigating this case in North Carolina." The appellant must assign error to each conclusion it believes is not supported by the evidence. N.C.R. App. P. 10. Failure to do so constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts. *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 684, 340 S.E.2d 755, 760, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986). Therefore, the denial of the motion to dismiss under *forum non conveniens* is affirmed.

Defendant also moved for a motion to dismiss for lack of personal jurisdiction. The test for establishing *in personam* personal jurisdiction over a foreign corporation is two-fold: first, "Whether North Carolina's 'long-arm' statute permits courts in this jurisdiction to entertain the action;" and second, "whether exercise of this jurisdictional power comports with due process of law." *ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 668, 386 S.E.2d 766, 767 (1990). Defendant challenges both prongs of this test.

**[2]** Defendant first challenges plaintiff's assertion of jurisdiction under our long-arm statute, G.S. Section 1-75.4(4)(a). The statute allows the exercise of personal jurisdiction

> in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury . . . :
>
> a. [s]olicitation or services activities were carried on within this State by or on behalf of the defendant . . . .

N.C. Gen. Stat. § 1-75.4(4)(a) (1996). To exercise personal jurisdiction over a foreign corporation, the plaintiff must establish: 1) an action claiming injury to a North Carolina person or property; 2) that the alleged injury arose from activities by the defendant outside of North Carolina; and 3) that the defendant was engaging in solicitation or services within North Carolina "at or about the time of the injury." *Id.*

Defendant mistakenly argues that the statute demands plaintiff prove an actual injury to a person or property within the state. However, the statute requires only that plaintiff allege an injury. *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982). Plaintiff alleges that defendant misappropriated trade secrets, interfered with prospective business relations and carried on unfair trade practices, thereby harming plaintiff's business. Intangible injuries like these are considered injuries under G.S. Section 1.75-4(4)(a). *Munchak Corporation v. Riko Enterprises, Inc.*, 368 F. Supp. 1366, 1372 (M.D.N.C. 1973). Specifically, a plaintiff's claim to loss of potential profits and damage to business reputation constitutes injury under G.S. Section 1-75.4(4)(a). *Vishay*, 696 F.2d 1062. Furthermore, a defendant's misuse of inside information amounts to an injury to a plaintiff. *Hankins v. Somers*, 39 N.C. App. 617, 621, 251 S.E.2d 640, 643, *disc. rev. denied*, 297 N.C. 300, 254 S.E. 920 (1979). These claimed injuries all occurred with the implementation of defendant's solicitation and sales to North Carolina customers in the fall of 1997. By this time plaintiff had relocated its headquarters to North Carolina and could then claim injury to its person or property in the state, thus fulfilling the statutory requirement.

Next, these local injuries were the result of activities by defendant outside of North Carolina. Defendant engaged in sales and solicitation activities with North Carolinians in the fall of 1997 via catalog distribution by mail.

Finally, under G.S. Section 1.75-4(4)(a), a defendant need only be carrying on solicitation or services with North Carolinians "at or about the time of the injury." Statutes used to establish personal jurisdiction are to be liberally construed in favor of establishing the existence of personal jurisdiction. *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 506 S.E.2d 754, 757 (1998). By its own admission defendant engaged in sales and solicitation activities with North Carolina residents during the fall of 1997. These activities contributed to plaintiff's alleged injury and are proximate enough in time to fulfill the statute's requirements. Therefore, we conclude that personal jurisdiction over defendant exists under G.S. Section 1.75-4(4)(a).

Defendant also challenges plaintiff's assertion of jurisdiction under G.S. Section 1-75.4(1)(d). Since personal jurisdiction has been established under G.S. Section 1-75.4(4)(a) we need not address this issue.

[3] We next consider whether the exercise of *in personam* jurisdiction satisfies due process, "not offending traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). North Carolina exercises specific jurisdiction over a party when it exercises personal jurisdiction in a suit arising out of that party's contacts within the state. *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989). To establish specific jurisdiction, the court looks at "the relationship among the parties, the cause of action, and the forum state" to see if minimum contacts are established. *ETR Corporation*, 96 N.C. App. at 669, 386 S.E.2d at 768. The test for minimum contacts is not mechanical, but instead requires individual consideration of the facts in each case. *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 607, 334 S.E.2d 91, 92 (1985). The activity must be such that defendant could reasonably anticipate being brought into court there. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292, 62 L. Ed. 2d 490, 498 (1980). The factors to consider for minimum contacts include: (1) the quantity of the contacts; (2) the quality and nature of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interests of the forum state; and (5) the convenience to the parties. *Marion v. Long*, 72 N.C. App. 585, 587, 325 S.E.2d 300, 302, *disc. rev. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985).

In the present case, defendant has engaged in numerous contacts with the state. Defendant mailed at least 1,937 of its sales catalogs to

**FRAN'S PECANS, INC. v. GREENE**

[134 N.C. App. 110 (1999)]

North Carolina residents in the fall of 1997. It sold products to 239 North Carolina residents in that season, generating over $12,000 in sales. Should those persons who order products in North Carolina fail to pay, defendant could expect to use our courts to enforce those contracts. By soliciting sales and selling products within North Carolina, defendant purposefully availed itself of the privilege of conducting activities within the state with the benefits and protection of its laws. *Hanson v. Denkla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958). *See also Dowless v. Warren-Rupp Houdailles, Inc.,* 800 F.2d 1305, 1308, (4th Cir. 1986) (sale of products by a foreign corporation in North Carolina amounts to minimum contacts because the corporation purposefully availed itself of the benefits and protections of North Carolina law). Defendant's sales and solicitations with North Carolina residents through its mail-order catalog business establish minimum contacts for specific jurisdiction because the actions are directly related to the basis of plaintiff's claim. Because we have found minimum contacts under specific jurisdiction, due process is satisfied. We need not establish general jurisdiction under these facts. *ETR Corporation,* 96 N.C. App. at 669, 386 S.E.2d at 768.

Litigating this matter in North Carolina serves both plaintiff's and North Carolina's best interests. Plaintiff is headquartered in North Carolina and performs all of its administrative functions in North Carolina. North Carolina has a manifest interest in providing its residents with a convenient forum for addressing injuries inflicted by parties out of state. *Id.* In addition, defendant has failed to assign error to Conclusion of Law No. 5, holding that no substantial injustice would result from defendant litigating this case in North Carolina. We hold that defendant has made sufficient minimum contacts to justify the exercise of personal jurisdiction in this state without violating due process.

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.