CHRISTINE STALAS COOPER, Plaintiff v. LISA SHEALY, Defendant

No. COA99-1276

(Filed 5 December 2000)

## 1. Appeal and Error— appealability—denial of motion to dismiss—jurisdiction

Although the denial of a motion to dismiss is generally not immediately appealable, the Court of Appeals will consider defendant's appeal from the denial of her motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) based on lack of personal jurisdiction, because N.C.G.S. § 1-277(b) provides a movant the right to an immediate appeal where there has been an adverse ruling as to the jurisdiction of the court over the person or property of defendant.

## 2. Jurisdiction— personal—long-arm statute

The trial court did not err by denying defendant's motion to dismiss plaintiff's claims of alienation of affections and criminal conversation, and by concluding that North Carolina's long-arm statute authorized personal jurisdiction over defendant, a South Carolina resident, because: (1) N.C.G.S. § 1-75.4(4)(a) requires only that the action claim injury to person or property within this state in order to establish personal jurisdiction, and plaintiff alleged the necessary elements of each claim; (2) actions for alienation of affections and criminal conversation constitute "injury to person or property" under N.C.G.S. § 1-75.4(3); and (3) plaintiff's claims of injury based on defendant's telephone calls and e-mails were solicitations within the meaning of

N.C.G.S. § 1-75.4(4) based on the facts that plaintiff's injury allegedly occurred within North Carolina and was allegedly caused by defendant's solicitation of the love and affection of plaintiff's husband by telephoning plaintiff's home in North Carolina.

**3. Jurisdiction— personal—minimum contacts—convenience**

Plaintiff's suit in North Carolina against a South Carolina resident for alienation of affections and criminal conversation does not offend traditional notions of fair play and substantial justice, because: (1) minimum contacts were sufficient for purposes of N.C.G.S. § 1-75.4, especially considering that the alleged injury of the destruction of plaintiff's marriage was suffered by plaintiff allegedly within this state; (2) plaintiff cannot bring the claims for alienation of affections and criminal conversation in South Carolina since that state has abolished those causes of action; (3) North Carolina's legislature and courts have repeatedly demonstrated the importance of protecting marriage; (4) several possible witnesses and evidence relevant to plaintiff's marriage and the destruction thereof would more likely be located in North Carolina; and (5) there is a minimal traveling burden on defendant to defend the claims in North Carolina since she is a resident of our neighboring state.

**4. Alienation of Affections; Criminal Conversation— which substantive law to be applied—where tort occurred**

Plaintiff must prove that the tortious injuries of defendant's alienation of her husband's affection and criminal conversation occurred in North Carolina before North Carolina substantive law can be applied, and if it is determined that the torts occurred in defendant's state of South Carolina, then no substantive law would apply since none of these alleged acts are torts in that state.

Appeal by defendant from an order entered 19 July 1999 by Judge Susan E. Bray in Guilford County District Court. Heard in the Court of Appeals 13 September 2000.

*J. S. Pfaff for plaintiff-appellee.*

*Floyd and Jacobs, L.L.P., by Robert V. Shaver, Jr., for defendant-appellant.*

COOPER v. SHEALY

[140 N.C. App. 729 (2000)]

HUNTER, Judge.

Lisa Shealy ("defendant") appeals the trial court's denial of her motion to dismiss Christine Stalas Cooper's ("plaintiff's") claim under N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) (1999) for lack of personal jurisdiction. Defendant contends that the trial court inappropriately denied her motion because the allegations in plaintiff's complaint neither satisfy the requirements of the North Carolina long-arm statute nor do they establish the necessary minimum contacts between defendant and North Carolina sufficient to meet due process requirements. We disagree. Accordingly, we affirm the trial court's order.

[1] Generally, the denial of a motion to dismiss is not immediately appealable. However, N.C. Gen. Stat. § 1-277(b) (1999) provides a movant the right of immediate appeal where there has been "an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." *Id. See also Godwin v. Walls*, 118 N.C. App. 341, 455 S.E.2d 473, *petition for disc. review granted but subsequently withdrawn*, 341 N.C. 419, 461 S.E.2d 757 (1995). Therefore, we consider defendant's assignments of error.

On 23 November 1998, plaintiff, a resident of Guilford County, North Carolina, filed a complaint against defendant, a resident of Lexington, South Carolina. Plaintiff's complaint alleged that defendant engaged in criminal conversation with plaintiff's husband, which resulted in the alienation of the affections of her husband. Plaintiff also alleged that defendant intentionally caused her severe emotional distress. Defendant filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and also pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In its order, the trial court found that defendant had wrongfully contacted "Plaintiff and Plaintiff's husband by telephone, which contacts include[d] both telephone conversations and telephone transmitted e-mail to Plaintiff's home." In determining whether the court had personal jurisdiction to hear the claim under the North Carolina long-arm statute N.C. Gen. Stat. § 1-75.4(4), the trial court further found that:

> Such contacts were solicitations within the meaning of the statute carried on within this State for the affections of Plaintiff's husband . . . [and made] with the intent of harming the Plaintiff and the Plaintiff's marriage. Further[,] such solicitations and activities in and of themselves harmed the Plaintiff and Plaintiff's marriage.

Thus, the trial court concluded that it had jurisdiction over defendant pursuant to N.C. Gen. Stat. § 1-75.4(4), and that plaintiff's complaint did state claims upon which relief could be granted. Accordingly, defendant's motions to dismiss were denied.

[2] As to the merits of defendant's appeal, "[t]he standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). "The determination of whether jurisdiction is statutorily and constitutionally permissible due to contact with the forum is a question of fact." *Hiwassee Stables, Inc. v. Cunningham*, 135 N.C. App. 24, 27, 519 S.E.2d 317, 320 (1999). To resolve a question of personal jurisdiction, the court must engage in a two step analysis. First, the court must determine if the North Carolina long-arm statute's (N.C. Gen. Stat. § 1-75.4) requirements are met. If so, the court must then determine whether such an exercise of jurisdiction comports with due process. *See ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 386 S.E.2d 766 (1990).

N.C. Gen. Stat. § 1-75.4(4) confers *in personam* jurisdiction:

In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury . . . :

a. Solicitation or services activities were carried on within this State by or on behalf of the defendant[.]

N.C. Gen. Stat. § 1-75.4(4)(a) (1999).

We recognize that "the statute requires only that the action 'claim' injury to person or property within this state in order to establish personal jurisdiction." *Godwin v. Walls*, 118 N.C. App. 341, 349, 455 S.E.2d 473, 480. The statute does not require there to be evidence of proof of such injury. *Id.* Therefore, in order for plaintiff's claim for alienation of affections to withstand defendant's motion to dismiss, plaintiff must have alleged in her complaint that: "(1) plaintiff and [her husband] were happily married and a genuine love and affection existed between them; (2) the love and affection [between them] was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affections." *Chappell v.*

*Redding,* 67 N.C. App. 397, 399, 313 S.E.2d 239, 241, *review denied,* 311 N.C. 399, 319 S.E.2d 268 (1984). Furthermore, for plaintiff's criminal conversation action to survive, plaintiff must have alleged that there were sexual relations between defendant and plaintiff's husband. *Horner v. Byrnett,* 132 N.C. App. 323, 511 S.E.2d 342 (1999).

From the record, we see that plaintiff alleged that "[she] and her husband were happily married and genuine love and affection existed between them; which love and affection was alienated and destroyed by the wrongful and malicious acts of the Defendant." Thus, plaintiff has effectively stated a claim for alienation of affections by addressing all of the necessary elements. Plaintiff also alleged that "[t]he Defendant has engaged, and continues to engage in acts of criminal conversation and sexual intercourse with [her] husband," thereby addressing the required element for a criminal conversation claim. For purposes of personal jurisdiction analysis, plaintiff's claims of injury due to defendant's telephone and e-mail solicitations are sufficient.

The question remains whether criminal conversation and alienation of affections are the type of "injury" contemplated by the statute. This Court has stated that the term

> "injury to the person or property" as used in G.S. 1-75.4(3) should be given a broad meaning consistent with the legislative intent to enlarge the concept of personal jurisdiction to the limits of fairness and due process, which negates the intent to limit the actions thereunder to traditional claims for bodily injury and property damages.

*Sherwood v. Sherwood,* 29 N.C. App. 112, 115, 223 S.E.2d 509, 512 (1976).

Accordingly, this Court has acknowledged that actions for alienation of affections and criminal conversation constitute "injury to person or property" as denoted by N.C. Gen. Stat. § 1-75.4(3). *Golding v. Taylor,* 19 N.C. App. 245, 198 S.E.2d 478, *cert. denied,* 284 N.C. 121, 199 S.E.2d 659 (1973). Furthermore, this Court concluded that the claims for negligent infliction of emotional distress and loss of consortium were similar enough to the claims in *Sherwood* and *Golding* to also be classified as "injur[ies] to person or property" under N.C. Gen. Stat. § 1-75.4(4). *Godwin,* 118 N.C. App. 341, 455 S.E.2d 473. Thus, in the case *sub judice,* since the actions of alienation of affec-

tions and criminal conversation are identical to those in *Golding*, and the present plaintiff claims loss of marital consortium as did the plaintiff in *Godwin*, we will not deviate from precedent. Thus, plaintiff's claims are within the purview of N.C. Gen. Stat. § 1-75.4(4).

The trial judge found that the alleged telephone contacts (including telephone calls and telephone transmitted e-mail) were "solicitations" within the meaning of N.C. Gen. Stat. § 1-75.4(4) and we agree. Plaintiff alleged that defendant telephoned her husband in North Carolina in order to solicit his affections and entice him to leave his family. In addition, plaintiff claimed that she suffered injury, the destruction of her husband's love and affection, as the direct result of defendant's wrongful conduct. We conclude, therefore, that the North Carolina long-arm statute authorizes personal jurisdiction since the plaintiff's injury allegedly occurred within North Carolina and was allegedly caused by defendant's solicitation of plaintiff's husband's love and affection by telephoning plaintiff's home in North Carolina.

**[3]** Since we have determined that personal jurisdiction is authorized by the long-arm statute, we must now address whether defendant had such minimum contacts with the forum state to comport with due process. *Fraser v. Littlejohn*, 96 N.C. App. 377, 386 S.E.2d 230 (1989). Due process requires that the defendant have "minimum contacts" with the state in order to satisfy " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). The factors to consider when determining whether defendant's activities are sufficient to establish minimum contacts are: "(1) the quantity of the contacts; (2) the quality and nature of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interests of the forum state, and (5) the convenience to the parties." *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 114, 516 S.E.2d 647, 650 (1999).

In the principal case, we have no transcript of the hearing and plaintiff's complaint does not allege the number of contacts defendant had with plaintiff's husband here in North Carolina. Therefore, we do not know how many contacts defendant had with plaintiff and her husband in North Carolina. However, we note that federal courts have found personal jurisdiction when the defendant had only minimal contacts with the forum state. See *Brown v. Flowers Industries, Inc.*, 688 F.2d 328 (5th Cir. 1982), cert. denied, 460 U.S. 1023, 75 L. Ed. 2d 496 (1983), and *J.E.M. Corporation v. McClellan*,

462 F. Supp. 1246 (D.Kan 1978) (exercising personal jurisdiction when defendant's sole contact with the forum state was a single phone call from out-of-state).

The quantity of defendant's contacts with North Carolina may not have been extensive. However, we have already determined that the contacts were sufficient for purposes of N.C. Gen. Stat. § 1-75.4, especially considering that the alleged injury under the claim (ultimately the destruction of plaintiff's marriage) was suffered by plaintiff allegedly within this state. Plaintiff claims that there is a direct relationship between the contacts and plaintiff's injuries. Furthermore:

> North Carolina has a strong interest in protecting its citizens from local injury caused by the tortious conduct of foreign citizens:
>
>> "In light of the powerful public interest of a forum state in protecting its citizens against out-of-state tortfeasors, the court has more readily found assertions of jurisdiction constitutional in tort cases."

*Saxon v. Smith*, 125 N.C. App. 163, 173, 479 S.E.2d 788, 794 (1997) (quoting *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 608, 334 S.E.2d 91, 93 (1985)). It is important to note that plaintiff cannot bring the claims for alienation of affections and criminal conversation in South Carolina (defendant's resident state) since that state has abolished those causes of actions. *Russo v. Sutton*, 310 S.C. 200, 422 S.E.2d 750 (1992). Therefore, North Carolina's interest in providing a forum for plaintiff's cause of action is especially great in light of the circumstances. Furthermore, North Carolina's legislature and courts have repeatedly demonstrated the importance of protecting marriage. N.C. Gen. Stat. § 8-57(c) (spouses may not be compelled to testify against each other if confidential information made by one to the other would be disclosed); *Thompson v. Thompson*, 70 N.C. App. 147, 319 S.E.2d 315 (1984), *rev'd on other grounds*, 313 N.C. 313, 328 S.E.2d 288 (1985) (attorneys representing a client in a divorce proceeding may not use contingent fee contracts since they tend to promote divorce and discourage reconciliation); *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (the causes of action for alienation of affections and criminal conversation are still in existence).

Finally, we must consider the convenience to the parties. As mentioned earlier, plaintiff would be unable to bring her claims in South

Carolina (defendant's resident state) since those causes of action are no longer in existence in South Carolina. Furthermore, several possible witnesses and evidence relevant to plaintiff's marriage and the destruction thereof would more than likely be located in North Carolina. In addition, because defendant is a resident of our neighboring state, South Carolina, there is a minimal traveling burden on defendant to defend the claims in North Carolina. For the reasons stated above, we do not believe that allowing plaintiff to bring these claims against defendant in North Carolina in any way "offend[s] 'traditional notions of fair play and substantial justice.' " *International Shoe Co.*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283).

[4] However, we note that the issue of determining which state's substantive law is applicable to plaintiff's claims for alienation of affections and criminal conversation is not before us. For instance, since alienation of affections is a transitory tort, the substantive law of the state where the tort occurred is the applicable law. *See Darnell v. Rupplin*, 91 N.C. App. 349, 371 S.E.2d 743 (1988). Therefore, plaintiff must prove that the tortious injuries, defendant's alienation of her husband's affection and criminal conversation, occurred in North Carolina before North Carolina substantive law can be applied. *Id.* Nevertheless, we find that North Carolina has jurisdiction to hear this case. Should the evidence persuade the trial court that the alleged torts occurred in North Carolina, then our substantive law will apply. Should it be determined that the torts occurred in South Carolina, then no substantive law could apply since none of these alleged acts are torts in that state. In that event, the case would, by necessity, be dismissed.

In sum, both our long-arm statute and federal due process permit exercise of personal jurisdiction by our courts over defendant for alienation of affections and criminal conversation. Accordingly, we affirm the ruling of the trial court.

As to defendant's appeal from the denial of her motion to dismiss pursuant to Rule 12(b)(6), we hold that the appeal is interlocutory thus we will not consider it. *See O'Neill v. Bank*, 40 N.C. App. 227, 252 S.E.2d 231 (1979).

Affirmed.

Judges LEWIS and WALKER concur.