FIRST UNION NATIONAL BANK OF DELAWARE, PLAINTIFF v. BANKERS WHOLESALE MORTGAGE, LLC, AND BWM MORTGAGE, LLC, DEFENDANTS

No. COA01-1543

(Filed 1 October 2002)

**Jurisdiction— personal—long-arm statute—minimum contacts**

The trial court did not err in a breach of contract and negligent misrepresentation case, arising out of the purchase of loans secured by mortgages or deeds of trust, by denying defendant limited liability companies' motion to dismiss based on lack of personal jurisdiction because: (1) North Carolina's long-arm statute permits the exercise of in personam jurisdiction when all payments made to defendant were mailed or wired from plaintiff's Charlotte, North Carolina offices during the four years that defendant did business with plaintiff, defendant registered with the North Carolina Commission of Banks in North Carolina to allow it to both broker and fund mortgage loans within the state of North Carolina, and defendant posted a $25,000 surety bond as a prerequisite for obtaining registration as a mortgage banker which remains in full force and effect in North Carolina; and (2) the exercise of in personam jurisdiction over defendants comports with due process when defendants purposefully availed themselves of the right to conduct business activities in North Carolina and had sufficient minimum contacts. N.C.G.S. §1-75.4

FIRST UNION NAT'L BANK OF DEL. v. BANKERS WHOLESALE MORTGAGE, LLC

[153 N.C. App. 248 (2002)]

Appeal by defendants from judgment entered 19 September 2001 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 September 2002.

*James, McElroy & Diehl, P.A., by Edward T. Hinson, Jr. and Richard S. Wright, for plaintiff-appellee.*

*Shumaker, Loop & Kendrick, LLP, by William H. Sturges, for defendants-appellants.*

TYSON, Judge.

Bankers Wholesale Mortgage, L.L.C. and BWM Mortgage, L.L.C. ("defendant" or "BWM") appeal from the trial court's denial of their motion to dismiss for lack of personal jurisdiction. We affirm the order of the trial court.

## I. Facts

Defendants are limited liability companies organized under the laws of the state of Wisconsin. Plaintiff is a corporation organized under the laws of the state of Delaware with a principal place of business in Charlotte, North Carolina. In January of 1996, BWM and plaintiff entered into a written "Continuous Buy-Sell Agreement" ("agreement") which stated plaintiff could purchase loans secured by mortgages or deeds of trust from BWM. Pursuant to this agreement, plaintiff purchased approximately forty-five loans from BWM over a four-year period. All payments made from plaintiff originated in and were mailed or wired from its Charlotte, North Carolina offices.

On 30 May 2000, BWM applied for registration with the North Carolina Commissioner of Banks to do business as a mortgage banker in the state of North Carolina pursuant to N.C. Gen. Stat. § 53-233 (2001). BWM posted a $25,000 surety bond as a prerequisite to obtaining registration pursuant to 4 NCAC 3I .0301(b)(1) (June 2002). The application was approved by the Commissioner on 16 June 2000. BWM's status allowed it to both broker and fund mortgage loans within the State of North Carolina. BWM never brokered or funded mortgage loans in North Carolina and allowed their registration to expire in January of 2001; however, the surety bond defendant posted remains in full force and effect.

In August of 2000, plaintiff discovered alleged misrepresentations in the files of three loans purchased from BWM. Defendant refused to repurchase these loans despite plaintiff's demand. Plaintiff sued

defendants in Mecklenburg County Superior Court for breach of contract and negligent misrepresentation. Defendants moved to dismiss based on lack of personal jurisdiction. The trial court found in part:

5. Over the course of four years, from execution of the Agreement in 1996 to 2000, BWM sold FUNB-DE approximately forty-five separate loans.

6. FUNB-DE is based in Charlotte, and all payments to BWM for loans pursuant to the Agreement were mailed or wired from FUNB-DE's Charlotte, North Carolina offices.

7. BWM applied for registration with the North Carolina Commissioner of Banks on May 30, 2000 to do business as a mortgage banker in this state. The Commissioner approved the application on June 16, 2000. BWM's registered status allowed it to both broker and fund mortgage loans within the state of North Carolina. However, BWM never brokered or funded mortgage loans within the State of North Carolina.

8. As a prerequisite to obtaining registration as a mortgage banker, BWM was required to post a $25,000.00 surety bond. Although BWM's registration expired as of January 31, 2001 and has not been renewed, the bond nevertheless remains in full force and effect.

The trial court concluded in part:

2. The payments transferred by FUNB-DE to BWM from its corporate offices for each loan purchased under the Agreement satisfies the requirements of the Long-Arm Statute.

3. BWM conducted substantial activity in North Carolina and therefore established the requisite minimum contacts with the forum state by receiving said payments from this state, by becoming registered as a mortgage banker in North Carolina, and by posting a bond in favor of the North Carolina Commissioner of Banks which remains in full force and effect.

4. By obtaining registration as a mortgage banker under North Carolina law, BWM also purposefully availed itself of the right to conduct business in North Carolina.

5. This Court's exercise of *in personam* jurisdiction over BWM does not offend traditional notions of fair play and substantial

justice and comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Defendants appeal.

## II. Issue

Defendants' sole assignment of error is the trial court's denial of defendants' motion to dismiss for lack of personal jurisdiction.

## III. In Personam Jurisdiction

"[A]n appeal lies immediately from refusal by the trial court to dismiss a cause for want of jurisdiction over the person where the motion is made pursuant to G.S. 1A-1, Rule 12(b)(2)." *Chamberlain v. Chamberlain*, 70 N.C. App. 474, 475, 319 S.E.2d 670, 671, *disc. rev. denied*, 312 N.C. 621, 323 S.E.2d 921 (1984). The determination of whether a trial court can properly exercise in personam jurisdiction over a non-resident defendant requires a two-part inquiry. First, the court must determine whether North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4 (2001), permits the exercise of in personam jurisdiction. *Cooper v. Shealy*, 140 N.C. App. 729, 732, 537 S.E.2d 854, 856 (2000) (*citing ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 386 S.E.2d 766 (1990)). Second, the court must consider whether exercising in personam jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id. See also, Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 614-15, 532 S.E.2d 215, 217, disc. rev. denied, 353 N.C. 261, 546 S.E.2d 90 (2000).

## A. North Carolina's Long-Arm Statute

Defendants contend that North Carolina's long-arm statute does not permit the exercise of *in personam* jurisdiction over them. We disagree. Our Courts have held that our long-arm statue "should receive liberal construction, favoring the finding of jurisdiction." *Starco, Inc. v. AMG Bonding and Ins. Services, Inc.*, 124 N.C. App. 332, 338, 477 S.E.2d 211, 216 (1996) (*citing Marion v. Long*, 72 N.C. App. 585, 325 S.E.2d 300, *disc. review denied*, 313 N.C. 604, 330 S.E.2d 612 (1985)).

The long-arm statute provides for *in personam* jurisdiction over a party, who, when service of process is made upon it, has "engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." N.C. Gen. Stat. § 1-75.4(1)(d). North Carolina's long-arm statute also provides for *in*

*personam* jurisdiction in any action which "[r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction." N.C. Gen. Stat. § 1-75.4(5)(d). It is well established that money is a "thing of value" contemplated under the long-arm statute. *See Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 630, 394 S.E.2d 651, 654-55 (1990) (*citing Pope v. Pope*, 38 N.C. App. 328, 248 S.E.2d 260 (1978)). Contacts found to constitute "substantial activity" under the long-arm statute include telephone conversations between out-of-state defendants and North Carolina plaintiffs and one or more payments to out-of-state payees with checks mailed from an in-state company's local checking account. *See Hiwassee Stables, Inc. v. Cunningham*, 135 N.C. App. 24, 519 S.E.2d 317 (1999) (single check written from in-state account); *ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 667, 386 S.E.2d 766, 768 (1990) (payment of single invoice); *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 630-31, 394 S.E.2d 651, 655 (1990) (payments from in-state checking account).

Here, the trial court found all payments made to defendant were mailed or wired from plaintiff's Charlotte, North Carolina offices during the four years that defendant did business with the plaintiff. The trial court further found that defendant registered with the North Carolina Commissioner of Banks in North Carolina, allowing it to both broker and fund mortgage loans within the state of North Carolina. As a prerequisite for obtaining this registration as a mortgage banker, defendant posted a $25,000 surety bond which remains in full force and effect in North Carolina. Based on the findings of fact in the record, we affirm the trial court's ruling that the exercise of *in personam* jurisdiction over BWM met the requirements of North Carolina's long-arm statute.

### B. Due Process

When *in personam* jurisdiction is alleged to exist under the North Carolina long-arm statute, the question of authority raises the question of "whether the defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process." *Replacements, Ltd. v. Midwesterling*, 133 N.C. App. 139, 143, 515 S.E.2d 46, 49 (1999). Due Process requires defendant to have sufficient minimum contacts with the forum state before being hailed into court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L.Ed.2d, 490, 501 (1980). Minimum contacts must be such that the exercise of personal jurisdiction does not offend 'traditional notions

of fair play and substantial justice.' *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 283 (1940)).

The test for sufficient "minimum contacts" is not mechanical, but instead requires individual consideration of the facts in each case. *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 114, 516 S.E.2d 647, 650 (1999). In determining whether sufficient minimum contacts exist, the Court should consider (1) the quantity of contacts between defendants and North Carolina; (2) the nature and quality of such contacts; (3) the source and connection of plaintiff's cause of action to any such contacts; (4) the interest of North Carolina in having this case tried here; and (5) convenience to the parties. *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 114, 516 S.E.2d 647, 650 (1999) (*citing Marion v. Long*, 72 N.C. App. 585, 587, 325 S.E.2d 300, 302, *disc. rev. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). In addition to the "minimum contacts" inquiry, the Court should take into account (1) whether defendants purposefully availed themselves of the privilege of conducting activities in North Carolina, *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 90 L.Ed. 95, 104 (1945), (2) whether defendants could reasonably anticipate being brought into court in North Carolina, *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980), and (3) the existence of any choice-of-law provision contained in the parties' agreement. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481-82, 85 L. Ed. 2d 528, 547 (1985) (concluding that courts should consider contractual choice-of-law provisions in determining whether a defendant has purposefully availed itself of the protection of the laws of the forum state).

Here, the trial court found that defendants purposefully availed themselves of the right to conduct business activities in North Carolina and had sufficient minimum contacts to establish *in personam* jurisdiction. Defendant purposefully registered in North Carolina as a mortgage banker under North Carolina laws and posted a $25,000 surety bond to obtain registration in North Carolina which remains in full force and effect today. Defendant sold plaintiff approximately forty-five loans during a four year period and received and accepted all payments from plaintiff's North Carolina offices. The contract between the parties contained a choice-of-law provision which stated the agreement "shall be construed according to the laws of North Carolina." We conclude BWM engaged in sufficient "minimum contacts" with North Carolina to satisfy Due Process and pur-

posefully availed itself of the right to conduct business in North Carolina. The trial court correctly found that the exercise of *in personam* jurisdiction over defendants comports with Due Process.

## IV. Conclusion

We affirm the trial court's order denying defendants' motion to dismiss due to lack of personal jurisdiction and remand this action to the trial court for further proceedings.

Affirmed and remanded.

Judges McCULLOUGH and BRYANT concur.