HALVOR JAEGER AND ASTRID JAEGER, PLAINTIFFS-APPELLEES V. APPLIED ANALYTI-
CAL INDUSTRIES DEUTSCHLAND GMBH AND FREDERICK SANCILIO,
DEFENDANTS-APPELLANTS

No. COA02-877

(Filed 15 July 2003)

## 1. Jurisdiction— personal—minimum contacts

The trial court did not err in an action seeking to release cer-
tain funds to plaintiffs that were being held pursuant to an escrow
agreement by denying defendant German company's motion to
dismiss based on lack of personal jurisdiction, because defendant
maintains sufficient minimum contacts with North Carolina
under N.C.G.S. § 1-75.4 to permit our state's courts to exercise
personal jurisdiction over them when: (1) defendant maintains a
continuous and systematic presence within this state by and
through its agent in Wilmington, North Carolina; and (2) defend-
ant holds itself out as engaged in substantial activity within North
Carolina by employing a managing director, negotiating and sign-
ing agreements in Wilmington, and by denoting Wilmington as the
point of correspondence on its letterhead and in the escrow
agreement.

## 2. Appeal and Error— appealability—motion to stay action— failure to petition for writ of certiorari

Although defendants contend the trial court erred in an
action seeking to release certain funds to plaintiffs that were
being held pursuant to an escrow agreement by failing to
grant defendants' motions to stay the action under N.C.G.S.
§ 1-75.12(a), defendants failed to properly petition the Court of
Appeals for a writ of certiorari and the Court of Appeals declines
to treat defendants' assignment of error as a petition for writ of
certiorari.

Appeal by defendants from order entered 7 February 2002 by
Judge James R. Vosburgh in Superior Court, New Hanover County.
Heard in the Court of Appeals 24 April 2003.

*Daniel Lee Brawley and Barbara Allen Samples for plaintiffs-
appellees.*

*Robinson, Bradshaw & Hinson, P.A., by David C. Wright, III
and Joshua F. P. Long, for defendants-appellants.*

McGEE, Judge.

Halvor Jaeger and Astrid Jaeger (plaintiffs) filed an amended complaint against Applied Analytical Industries Deutschland GMBH (AAID) and Frederick Sancilio (Sancilio), collectively referred to as defendants, on 10 April 2001. Plaintiffs sought an order from the trial court instructing defendants to release certain funds to plaintiffs that were being held pursuant to an escrow agreement. AAID filed a motion to dismiss dated 11 June 2001, contending among other things, that the trial court lacked personal jurisdiction over AAID. AAID's motion alternatively asked the trial court to stay the action pursuant to N.C. Gen. Stat. § 1-75.12. Sancilio filed a motion to dismiss dated 11 June 2001 for lack of proper venue and failure to state a claim or, alternatively, to stay the action pursuant to N.C. Gen. Stat. § 1-75.12. The parties subsequently conducted discovery on the jurisdictional issues relating to AAID's motion to dismiss. Plaintiffs filed a motion to compel discovery on 15 October 2001.

A hearing was held by the trial court on 6 February 2002. The trial court entered an order on 7 February 2002 that found AAID was subject to personal jurisdiction in North Carolina and that the action should not be stayed. Defendants appeal.

The evidence before the trial court tended to show that plaintiffs are citizens and residents of Canada. Sancilio stated in his affidavit that AAID is a limited liability company formed under German law and registered in the District Court, Memmingen, Germany. Sancilio is the managing director of AAID and has an office located in Wilmington, North Carolina.

Plaintiffs and the corporate predecessor to AAID were part of a business transaction (the purchase agreement) in December 1996, that included the sale of a company in which plaintiffs owned a partnership interest. Due to a dispute plaintiffs had with the Finanzamt Neu-Ulm, a German tax collecting agency, part of the sale proceeds payable to plaintiffs was held pursuant to an escrow agreement dated 1 February 1997. The Canadian dollar equivalent of DM 505,000 was placed in escrow in Canada pursuant to the escrow agreement between plaintiffs and AAID. Under the terms of the escrow agreement, plaintiffs are entitled to receive the escrowed funds after the resolution of the tax issue with the Finanzamt Neu-Ulm. Plaintiffs stated that they attempted to contact defendants for more than a year to request the release of the funds, but defendants did not respond.

Sancilio stated in his affidavit and deposition that AAID is a wholly-owned subsidiary of aaiPharma, Inc, which is headquartered in Wilmington, North Carolina. Sancilio is the chairman of the board and the chief executive officer of aaiPharma. Sancilio is also the managing director of AAID and signs documents on its behalf. He testified that his personal and business addresses were in Wilmington, North Carolina.

AAID is a holding company which owns one hundred percent of AAI Applied Analytical Industries Deutschland Verwaltungsgesellschaft mbH and AAI Applied Analytical Industries Deutschland GmbH & Co., KG. Sancilio stated in his deposition that AAID did not own any other assets. Sancilio stated in his affidavit that AAID's principal place of business is in Germany and AAID is not registered or required to register to do business in North Carolina. Additionally, he stated AAID has never owned or leased property in North Carolina, paid income or property taxes in North Carolina, filed a legal action in North Carolina, advertised, sold goods, or performed services within North Carolina. Sancilio testified that AAID has a revolving line of credit with Bank of America, but otherwise has never had a contract with a North Carolina company. He stated AAID has also served as a guarantor for a loan obtained by Applied Analytical Industries, Inc. and in the loan agreement it submitted to the jurisdiction and venue of the state and federal courts of North Carolina, agreeing that the bank had the option to enforce its rights under the loan agreement in the North Carolina courts.

Sancilio stated that he signed the purchase agreement on behalf of AAID's predecessor in Wilmington, North Carolina. Sancilio also testified that Forrest Waldon signed the escrow agreement on behalf of AAID and was serving as managing director of AAID and general counsel to aaiPharma at the time. The office of the general counsel is located in Wilmington, North Carolina. The escrow agreement between plaintiffs and AAID states that "all notices and other communications under the escrow agreement when given to AAID should be provided in care of Applied Analytical Industries, Attention: General Counsel, 5051 New Centre Drive, Wilmington, North Carolina 28403, U.S.A."

Albert Cavagnaro (Cavagnaro), associate counsel for aaiPharma, testified that he was assigned to coordinate the outside legal counsel in this case. Cavagnaro also was involved in the negotiation of the purchase agreement. Cavagnaro stated that AAID had no employees and that Sancilio was its only managing director. He testified that all

notices and communications regarding the escrow agreement were to be sent to AAID in Wilmington, North Carolina. The letterhead of AAID contains a Wilmington telephone number and fax number. Cavagnaro also testified that Forrest Waldon executed the escrow agreement on behalf of AAID and was involved in negotiating various elements of the agreement with plaintiffs.

**[1]** Defendants argue the trial court erred in denying AAID's motion to dismiss for lack of personal jurisdiction because the North Carolina long-arm statute does not permit the exercise of personal jurisdiction over AAID. Defendants contend plaintiffs did not meet their burden of proof in that they failed to sufficiently allege facts in their complaint that allow the inference of personal jurisdiction over defendants. Defendants also argue the trial court erred in denying AAID's motion to dismiss because AAID lacked sufficient minimum contacts with North Carolina to satisfy due process in the exercise of personal jurisdiction.

> Whether the courts of this State may exercise personal jurisdiction over a nonresident defendant involves a two-prong analysis: "(1) Does a statutory basis for personal jurisdiction exist, and (2) If so, does the exercise of this jurisdiction violate constitutional due process?" The assertion of personal jurisdiction over a defendant comports with due process if defendant is found to have sufficient minimum contacts with the forum state to confer jurisdiction.

*Golds v. Central Express Inc.*, 142 N.C. App. 664, 665-66, 544 S.E.2d 23, 25, *disc. review denied*, 353 N.C. 725, 550 S.E.2d 775 (2001) (quoting *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C. App. 419, 424, 324 S.E.2d 909, 913, *cert. denied*, 313 N.C. 602, 330 S.E.2d 611 (1985)).

A plaintiff bears the burden of establishing that some ground exists for the exercise of personal jurisdiction over a defendant. *Golds*, 142 N.C. App. at 666, 544 S.E.2d at 26. The trial court may conduct an evidentiary hearing including testimony or depositions, but the plaintiff maintains the ultimate burden of proving personal jurisdiction by a preponderance of the evidence at the evidentiary hearing or at trial. *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). The trial court is not required to make findings of fact when ruling on a motion to dismiss, but "it is presumed that the trial court found facts sufficient to support its ruling. If these presumed factual findings are supported by competent evidence, they

are conclusive on appeal." *Filmar Racing, Inc. v. Stewart,* 141 N.C. App. 668, 672, 541 S.E.2d 733, 737 (2001) (citation omitted).

North Carolina's long-arm statute provides:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served . . .
>
> (1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> . . . .
>
>   d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

N.C. Gen. Stat. § 1-75.4 (2001).

"This statute is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *DeArmon v. B. Mears Corp.,* 67 N.C. App. 640, 643, 314 S.E.2d 124, 126 (1984), *rev'd on other grounds,* 312 N.C. 749, 325 S.E.2d 223 (1985). Accordingly, "when evaluating the existence of personal jurisdiction pursuant to G.S. § 1-75.4(1)(d), 'the question of statutory authorization "collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process." ' " *Bruggeman,* 138 N.C. App. at 617, 532 S.E.2d at 218 (quoting *Hanes Companies v. Ronson,* 712 F. Supp. 1223, 1226 (M.D.N.C. 1988)). Thus, we proceed directly to the due process inquiry to determine if defendants possess minimum contacts with North Carolina sufficient to permit jurisdiction over them.

Due process requires that a defendant have sufficient minimum contacts with the forum state before being subject to suit in that state's courts. *First Union Nat'l Bank of Del. v. Bankers Wholesale Mortgage, LLC,* 153 N.C. App. 248, 252, 570 S.E.2d 217, 221 (2002). The minimum contacts should be of a nature such that the exercise of personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)).

In determining whether sufficient minimum contacts exist, the Court should consider (1) the quantity of contacts between defendants and North Carolina; (2) the nature and quality of such contacts; (3) the source and connection of plaintiff's cause of action to any such contacts; (4) the interest of North Carolina in having this case tried here; and (5) convenience to the parties. In addition to the 'minimum contacts' inquiry, the Court should take into account (1) whether defendants purposefully availed themselves of the privilege of conducting activities in North Carolina, (2) whether defendants could reasonably anticipate being brought into court in North Carolina, and (3) the existence of any choice-of-law provision contained in the parties' agreement.

*First Union*, 153 N.C. App. at 253, 570 S.E.2d at 221.

In the present case, defendants maintain sufficient minimum contacts with North Carolina to permit our state's courts to exercise personal jurisdiction over them. The trial court held a hearing and received evidence consisting of affidavits and depositions before ruling that defendants were subject to personal jurisdiction in North Carolina. Evidence considered by the trial court shows that AAID maintains an office in Wilmington, North Carolina and lists a Wilmington telephone number and fax number on its letterhead. All correspondence and communication relating to the escrow agreement is directed to Wilmington, North Carolina, as required by the terms of the escrow agreement. Plaintiffs' repeated letters to AAID requesting release of the escrowed funds were accordingly mailed to the Wilmington address.

AAID's current managing director, Sancilio, who signed the purchase agreement on behalf of AAID, resides and works in Wilmington. Sancilio is the sole employee of AAID. In his capacity as managing director of AAID, he also serves as an agent for service of process upon AAID. AAID's former managing director, Forrest Waldon, who assisted in negotiations of the escrow agreement and who signed in Wilmington on behalf of AAID, worked in Wilmington. Cavagnaro, who testified that he reviewed the purchase agreement at signing, also resides and works in Wilmington.

Additionally, aaiPharma's general counsel, who also serves as general counsel for AAID and aaiPharma's subsidiaries, has offices in Wilmington, North Carolina. While not pertinent to the facts of this case, AAID also maintains a line of revolving credit with Bank of America under a loan guaranty agreement with its parent company,

aaiPharma. In conjunction with this agreement, AAID has also submitted to North Carolina jurisdiction and North Carolina law for the resolution of legal issues arising under that agreement and has agreed that venue is convenient in North Carolina.

Based on the foregoing evidence, we find that AAID maintains sufficient minimum contacts sufficient to satisfy the requirements of N.C.G.S. § 1-75.4 and due process. AAID maintains a continuous and systematic presence within this state by and through its agent in Wilmington, North Carolina. AAID holds itself out as engaged in substantial activity within North Carolina by employing a managing director and negotiating and signing agreements in Wilmington, North Carolina, and by denoting Wilmington, North Carolina as the point of correspondence on its letterhead and in the escrow agreement. AAID should have reasonably anticipated being haled into court in North Carolina and, therefore, the exercise of personal jurisdiction over AAID is proper. The trial court did not err in finding that AAID was subject to personal jurisdiction in North Carolina. This assignment of error is without merit.

[2] Defendants next argue the trial court erred in failing to grant defendants' motions to stay the action under N.C. Gen. Stat. § 1-75.12(a) because it would work a substantial injustice on them to be tried in a North Carolina court. Defendants concede they have no right to appeal from the trial court's determination on this issue. N.C. Gen. Stat. § 1-75.12(c) (2001) states that "[w]henever such a motion is denied, the movant may seek review by means of a writ of certiorari and failure to do so shall constitute a waiver of any error the judge may have committed in denying the motion." Defendants have failed to properly petition this Court for a writ of certiorari and we decline to treat defendants' assignment of error as a petition for writ of certiorari. This assignment of error is without merit.

We have reviewed defendants' remaining assignments of error and arguments and find them to be without merit.

We affirm the order of the trial court.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.