PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.

[186 N.C. App. 198 (2007)]

———————

PARK EAST SALES, LLC, Plaintiff v. CLARK-LANGLEY, INC.; DELLA CLARK EDWARDS; CARMEL CONTRACTORS, INC.; LOWE'S HOME CENTERS, INC.; and WESTERN SURETY COMPANY, Defendants

No. COA06-1496

(Filed 2 October 2007)

**1. Appeal and Error— appealability—denial of motion to stay—necessity for petition for writ of certiorari**

In an action in which plaintiff second tier subcontractor seeks to enforce its statutory mechanic's lien against the property owner, contractor, and contractor's surety for rental equipment furnished to a first tier site preparation subcontractor, defendants have no right to appeal from the trial court's failure to grant their motion for a stay pending final disposition of a bankruptcy action filed by the first tier subcontractor because they failed to petition for a writ of certiorari as required by N.C.G.S. § 1-75.12(c). Furthermore, defendants' appeal from the denial of their motion to stay will not be treated as a petition for a writ of certiorari because plaintiff does not attempt to collect sums due from the first tier subcontractor which filed for bankruptcy but seeks to enforce its statutory lien claim against other defendants.

PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.

[186 N.C. App. 198 (2007)]

## 2. Liens— second tier subcontractor—claim of lien on funds—summary judgment improper

Summary judgment for plaintiff second tier subcontractor cannot be sustained on the basis of a claim of lien on funds under N.C.G.S. § 44A-18(2) in an action in which plaintiff seeks to enforce a statutory lien against the property owner, contractor and contractor's surety for rental equipment furnished to a first tier subcontractor because a genuine issue of material fact exists as to whether an unpaid contract balance remains between the contractor and the first tier subcontractor where defendants asserted in interrogatories that the contractor owed no money to the first tier subcontractor because the remaining contract balance was depleted by costs incurred by the contractor to complete the subcontractor's contractual obligations due to its default.

## 3. Liens— second tier subcontractor—claim of lien on property—summary judgment improper

Summary judgment for plaintiff second tier subcontractor cannot be sustained on the basis of a claim of lien on real property under N.C.G.S. § 44A-23(b)(1) in an action in which plaintiff seeks to enforce a statutory lien against the property owner, contractor and contractor's surety for rental equipment furnished to a first tier subcontractor because an affidavit of the first tier subcontractor's president created a genuine issue of material fact as to the amount plaintiff is owed on its contract with the first tier subcontractor and thus the amount of its lien claim.

Chief Judge MARTIN concurring in part and dissenting in part.

Appeals by defendants Carmel Contractors, Inc., Lowe's Home Centers, Inc., and Western Surety Company from order and judgment entered 10 August 2006 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 20 August 2007.

*Bugg & Wolf, P.A., by William J. Wolf and William R. Sparrow, for plaintiff-appellee.*

*Shumaker, Loop & Kendrick, LLP, by Steele B. Windle, III, and Daniel R. Hansen, for defendants-appellants.*

TYSON, Judge.

Carmel Contractors, Inc. ("Carmel") and Lowe's Home Centers, Inc. ("Lowe's") (collectively, "defendants") appeal from order and judgment entered granting Park East Sales, LLC's ("plaintiff") motion for summary judgment and denying their motion to stay or dismiss. Western Surety Company ("Western") also appeals from the order and judgment entered granting plaintiff's motion for summary judgment and denying its motion for judgment on the pleadings. We dismiss in part, reverse in part, and remand.

## I.  Background

On 8 March 2004, Lowe's entered into a contract with Carmel to construct a Lowe's Home Improvement Store ("project") in Cary, North Carolina. On 10 March 2004, Carmel entered into a subcontract agreement with Clark-Langley, Inc. ("Clark"), as the grading and site work subcontractor.

In February 2004, Clark entered into a rental agreement with plaintiff. From 25 February 2004 through 28 January 2005, plaintiff provided rental equipment, labor, and materials to Clark for use on the project. Clark agreed to pay for the use and transportation of and maintenance and repairs on the equipment within thirty days of each invoice date. Clark also agreed to pay plaintiff interest on all overdue balances at the highest rate permitted by law.

By November 2004, Clark was delinquent on invoice payments to plaintiff. Plaintiff made repeated demands for payment. Defendant Della Clark Edwards ("Edwards"), the president of Clark, guaranteed in writing that she would pay plaintiff for all obligations Clark incurred thereafter.

On 18 January 2005, plaintiff served a notice of claim of lien for $392,581.48, plus interest and attorney's fees, to Lowe's, Carmel, and Clark. Lowe's made three further payments to Carmel on 21 January 2005, 28 February 2005, and 25 March 2005, totaling $1,629,911.00. On 25 May 2005, plaintiff filed a notice of claim of lien for $441,170.77 plus interest and attorney's fees with the Wake County Clerk of Superior Court. Lowe's retained $1,011,771.00, an amount sufficient to satisfy plaintiff's lien claims. Carmel responded that no unpaid contract balance was owed to Clark at that time because of costs it had incurred and paid to complete Clark's contractual obligations.

**PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.**

[186 N.C. App. 198 (2007)]

Plaintiff filed its initial complaint on 16 June 2005 to enforce its lien rights against Clark, Edwards, Carmel, and Lowe's. Plaintiff amended its complaint on 18 August 2005, to add Western as a party, after receiving notice that Carmel had obtained a lien-discharge bond from Western as surety for plaintiff's claim of lien on the project property.

On 6 October 2005, a default judgment was entered against Clark and Edwards for failure to file a responsive pleading. Clark filed bankruptcy in the U.S. Bankruptcy Court on 14 October 2005 and instituted an adversary proceeding to determine the amount of money, if any, owed by Carmel. Carmel counterclaimed and moved to compel all of Clark's sixteen subcontractors, including plaintiff, to litigate their claims in bankruptcy court.

On 8 June 2006, plaintiff filed a motion for summary judgment against defendants and Western. Defendants requested the trial court stay further proceedings pending final disposition in the bankruptcy action to avoid "substantial injustice." Defendants also asserted plaintiff must obtain a judicial determination of the amount owed by Clark before pursuing its mechanic's lien claim.

Western moved for judgment on the pleadings, asserting plaintiff's claim was not ripe until a final judgment on plaintiff's lien claims has been rendered in bankruptcy court. Western described plaintiff's assertion to add it as a party in the State court action as "premature and unwarranted."

On 10 August 2006, the trial court granted plaintiff's motion for summary judgment. The trial court entered an order and judgment finding Lowe's to be liable for $392,581.48, plus prejudgment interest, and finding Carmel and Western to be jointly and severally liable for $441,170.70 plus prejudgment interest. The trial court also denied the motion to stay or to dismiss made by Lowe's and Carmel and denied the motion for judgment on the pleadings made by Western. Defendants appeal.

## II. Issues

Defendants argue the trial court erred by: (1) denying their motion to stay or alternatively to dismiss the lawsuit due to the pending bankruptcy action and (2) granting plaintiff's motion for summary judgment. Western argues the trial court erred by denying its motion for judgment on the pleadings.

### III. Standard of Review

#### A. Motion to Stay

The trial court may enter a stay "[i]f, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State." N.C. Gen. Stat. § 1-75.12 (2005). This court has held the denial of a motion to stay or dismiss rests "within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion." *Home Indem. Co. v. Hoechst-Celanese Corp.*, 99 N.C. App. 322, 325, 393 S.E.2d 118, 120 (citing *Motor Inn Management, Inc. v. Irvin-Fuller Dev. Co.*, 46 N.C. App. 707, 711, 266 S.E.2d 368, 370, *disc. rev. denied and appeal dismissed*, 301 N.C. 93, 273 S.E.2d 299 (1980)), *disc. rev. denied and appeal dismissed*, 327 N.C. 428, 396 S.E.2d 611 (1990).

#### B. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). The trial court must consider the evidence in the light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If a genuine issue of material fact exists, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton*, 358 N.C. at 470, 597 S.E.2d at 693 (citing *Summey*, 357 N.C. at 496, 586 S.E.2d at 249).

### IV. Defendants' Appeal

#### A. Motion to Stay or Dismiss

[1] Defendants argue the trial court abused its discretion in denying Carmel's motion to stay, or alternatively to dismiss plaintiff's state court action under N.C. Gen. Stat. § 1-75.12. We dismiss this assignment of error.

N.C. Gen. Stat. § 1-75.12(c) (2005) provides, "[w]henever a motion for a stay is made pursuant to subsection (a) . . . is denied, the movant

may seek review by means of a writ of certiorari and *failure to do so shall constitute a wavier of any error* the judge may have committed in denying the motion." (Emphasis supplied). Defendants assert both in their brief and at oral argument, "[s]ince a notice of appeal was filed, seeking a writ of *certiorari* would be duplicative, unnecessary and not required by Rule 21 of the North Carolina Rules of Appellate Procedure." We disagree.

Under N.C. Gen. Stat. § 1-75.12(c), *defendants have no right to appeal* from the trial court's failure to grant their motion to stay the action because they failed to petition for a writ of *certiorari. Jaeger v. Applied Analytical Indus. Deutschland GMBH*, 159 N.C. App. 167, 173, 582 S.E.2d 640, 645 (2003); *see Saxon v. Smith*, 125 N.C. App. 163, 174, 479 S.E.2d 788, 795 (1997) ("Electing to treat defendants' assignment of error directed to this issue as a petition for writ of *certiorari*, . . . we perceive no abuse of discretion in the denial of defendants' motion."). Defendants failed to petition this Court for a writ of *certiorari*. In our discretion, we decline *ex mero motu* to treat defendants' assignment of error as a petition for writ of *certiorari* and dismiss this assignment of error.

The dissenting opinion asserts this Court should: (1) exercise its discretion to allow and treat defendants' assignment of error as a petition for writ of *certiorari*, even though defendants failed to petition or argue to this Court in their brief or in oral argument for this remedy and (2) find the trial court's ruling manifestly unsupported by reason, an abuse of discretion, and reverse and remand to the trial court with instructions to grant a stay until issues involving Clark are resolved in bankruptcy court.

Clark's filing in bankruptcy court operated as an automatic stay preventing all collection efforts against it pursuant to 11 U.S.C. § 362 (2005). Plaintiff is not attempting to collect sums due from Clark. Plaintiff is enforcing its statutory lien claims against Lowe's, Carmel, and Western and is asserting claims individually against Edwards. Determining these amounts are not an effort at collection against Clark.

Edwards, who is a personal guarantor of a portion of Clark's debt to plaintiff, did not file for bankruptcy. Clark's automatic stay does not apply to her or any of the other parties in this case. Edwards's affidavit, as discussed below, creates a genuine issue of material fact of the sums, if any, owed to plaintiff. The trial court must determine the amount of plaintiff's lien before judgment can be entered.

To adopt the dissenting opinion's assertions would set a dangerous precedent. Reversing and remanding this case to the trial court with instructions to enter a total stay until the resolution of Clark's bankruptcy will compel a stay to be entered in any pending multiparty state action where only one party later files bankruptcy. While some of the issues in the federal bankruptcy may overlap with the issues in this state lien action, the issues in both actions are not identical. Setoffs, defenses, and preferential payment recaptures exist in the bankruptcy action that are not available to the other parties in this action. *See* 11 U.S.C. § 547 (2005); 11 U.S.C. § 553 (2005); 11 U.S.C. § 558 (2005).

### B. Summary Judgment Motion

Defendants argue the trial court erred in granting plaintiff's summary judgment motion by failing to consider Edwards's affidavit and because genuine issues of material fact exist on whether plaintiff had a valid mechanic's lien. We agree.

The trial court's order and judgment entered 10 August 2006 states it "review[ed] the discovery responses of record, *affidavits*, briefs, and arguments of counsel." (Emphasis supplied). We presume the trial court reviewed Edwards's affidavit dated 31 July 2006 prior to entering its order and judgment. The trial court's order and judgment does not state which type of lien asserted entitled plaintiff to summary judgment. Because summary judgment should be affirmed on appeal if it can be sustained on any ground, we will determine whether summary judgment can be sustained based on a claim of lien on funds under N.C. Gen. Stat. § 44A-18(2) or a claim of lien on property under N.C. Gen. Stat. § 44A-23(b)(1).

### 1. Claim of Lien on Funds

[2] N.C. Gen. Stat. § 44A-18(2) (2003) provides:

A second tier subcontractor who furnished labor, materials, or rental equipment at the site of the improvement shall be entitled to a lien upon funds that are owed to the first tier subcontractor with whom the second tier subcontractor dealt and which arise out of the improvement on which the second tier subcontractor worked or furnished materials. A second tier subcontractor, to the extent of his lien provided in this subdivision, shall also be entitled to be subrogated to the lien of the first tier subcontractor with whom he dealt provided for in subdivision (1) of this section and shall be entitled to perfect it by notice to the extent of his claim.

**PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.**

[186 N.C. App. 198 (2007)]

Our Supreme Court held second-tier subcontractors have no right to assert a claim of lien upon funds under N.C. Gen. Stat. § 44A-18 when no funds are owed to the first-tier subcontractor at or after the time the second-tier subcontractor files its claim of lien. *Electric Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 654, 403 S.E.2d 291, 293 (1991) ("Since nothing was owed to the First-tier Subcontractor at or after the time that the Second-tier Subcontractor filed its lien claim, it is undisputed that . . . the Second-tier Subcontractor has no lien rights upon funds under N.C. Gen. Stat. § 44A-18.").

In their response to plaintiff's first set of interrogatories, defendants asserted Carmel owed no money "to Clark because the remaining contract balance was depleted by costs incurred by Carmel in completing Clark's contractual obligations due to [its] default." If Carmel owes no money to Clark, plaintiff has no right to assert a claim of lien on funds under N.C. Gen. Stat. § 44A-18.

A genuine issue of material fact exists on whether an unpaid contract balance remains between Carmel and Clark. Summary judgment cannot be sustained based on a lien on funds. N.C. Gen. Stat. § 44A-18(2).

## 2. Claim of Lien on Real Property

[3] N.C. Gen. Stat. § 44A-23(b)(1) (2003) provides:

A second or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of the Chapter *except when*:

a. The contractor, within 30 days following the date the building permit is issued for the improvement of the real property involved, posts on the property in a visible location adjacent to the posted building permit and files in the office of the Clerk of Superior Court in each county wherein the real property to be improved is located, a completed and signed Notice of Contract form and the second or third tier subcontractor fails to serve upon the contractor a completed and signed notice of subcontract form by the same means of service as described in G.S. 44A-19(d); or

b. After the posting and filing of a signed Notice of Contract and the service of a signed Notice of Subcontract, the contractor serves upon the second or third tier subcontractor,

within five days following each subsequent payment, by the same means of service as described in G.S. 44A-19(d), the written notice of payment setting forth the date of payment and the period for which payment is made as requested in the Notice of Subcontract form set forth herein.

(Emphasis supplied).

Our Supreme Court has held, "N.C.G.S. § 44A-23 provides first-, second-, and third-tier subcontractors a separate right of subrogation to the lien of the contractor who deals with the owner, distinct from the rights contained in N.C.G.S. § 44A-18." *Electric Supply Co.*, 328 N.C. at 660, 403 S.E.2d at 297.

Therefore, even if the owner has specifically paid the contractor for the labor or materials supplied by the specific unpaid subcontractor who is claiming the lien, that subcontractor retains a right of subrogation, to the extent of his claim, to whatever lien rights the contractor otherwise has in the project.

*Id.* at 661, 403 S.E.2d at 297.

Plaintiff gave notice of claim of lien upon funds as provided in N.C. Gen. Stat. § 44A-12 on 25 May 2005. Carmel failed to avail itself of the protections afforded it as a general contractor under N.C. Gen. Stat. § 44A-23(b). It is undisputed that Lowe's owes Carmel $1,011,771.00 on its contract. Plaintiff has a right of subrogation to Carmel's lien to the extent of its claim.

Edwards, in her affidavit dated 31 July 2006, states, *inter alia*:

9. From March, 2004 through January, 2005, [plaintiff] sent invoices to Clark for a total of $232,838.11 in rental charges for leased equipment.

10. Clark paid [plaintiff] at least $102,971.50 in rental charges for leased equipment.

11. Clark has no record of receiving 36 invoices from [plaintiff] that total $180,991.48 of the amount [plaintiff] claims is allegedly owed by Clark.

Plaintiff argues Clark's and Edwards's failure to answer and respond to its claims and request for admissions, caused those admissions to be deemed admitted, and bars consideration of her affidavit. Edwards never admitted the full amount of plaintiff's claims and her guaranty liability does not extend to the entire amount of plaintiff's claims.

**PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.**

[186 N.C. App. 198 (2007)]

Edwards's affidavit creates a genuine issue of material fact on the amount plaintiff is owed on its contract with Clark, and by extension, the amount of its lien claim.

Summary judgment cannot be sustained based on a claim of lien on property because a genuine issue of material fact exists on whether an unpaid contract balance remains between Clark and plaintiff.

Reviewing the discovery responses of record, affidavits, briefs, and arguments of counsel *de novo*, we find genuine issues of material fact exist. Summary judgment cannot be sustained on either statute. N.C. Gen. Stat. § 44A-18; N.C. Gen. Stat. § 44A-23. The trial court erred when it found no genuine issues of material fact exist and plaintiff is entitled to summary judgment as a matter of law. The trial court's order of summary judgment is reversed in part.

## V. Western's Appeal

Western argues the trial court erred in entering summary judgment against it because plaintiff's claim against it was unripe and premature. Because we hold that genuine issues of material fact exist, the trial court also erred when it entered summary judgment against Western. That portion of the trial court's order and judgment is also reversed.

## VI. Conclusion

Defendants' failure to petition this Court for a writ of *certiorari* to review the trial court's denial of Carmel's motion to stay or alternatively to dismiss plaintiff's state court action "constitute[d] a wavier of any error the judge may have committed in denying the motion." N.C. Gen. Stat. § 1-75.12(c); *Jaeger*, 159 N.C. App. at 173, 582 S.E.2d at 645. Defendants' assignment of error to the trial court's ruling on this issue is dismissed.

Viewed in the light most favorable to defendants, proffered evidence tends to show genuine issues of material fact exist regarding whether an unpaid contract balance remains between Carmel and Clark and whether an unpaid contract balance remains between Clark and plaintiff.

Under *de novo* review, we hold the trial court erred in granting summary judgment in plaintiff's favor. The trial court's order and judgment is reversed in part. This case is remanded for further proceedings.

Dismissed in Part, Reversed in Part, and Remanded.

Judge McCULLOUGH concurs.

Chief Judge MARTIN concurs in part and dissents in part by separate opinion.

MARTIN, Chief Judge, concurring in part, dissenting in part.

I concur with the majority that the trial court erred by improperly granting summary judgment in favor of plaintiff. However, I would vote that this Court exercise its discretion to hear the issue of the denial of defendant Carmel's motion to stay or dismiss, and I would reverse the trial court's decision denying the stay. Thus, I must respectfully dissent from that portion of the majority opinion which dismisses defendants' assignment of error directed to the trial court's denial of their motion for a stay.

The majority correctly notes the governing statute, which states: "Whenever a motion for a stay . . . is denied, the movant may seek review by means of a writ of certiorari and failure to do so shall constitute a waiver of any error the judge may have committed in denying the motion." N.C. Gen. Stat. § 1-75.12(c) (2005). Although defendants have no right to appeal from the trial court's failure to grant their motion to stay the action, *Jaeger v. Applied Analytical Indus. Deutschland GMBH*, 159 N.C. App. 167, 173, 582 S.E.2d 640, 645 (2003), this Court has the discretion "to treat defendants' assignment of error . . . as a petition for writ of certiorari." *Saxon v. Smith*, 125 N.C. App. 163, 174, 479 S.E.2d 788, 795 (1997). This case is precisely the type of case in which this Court should exercise its discretion to review the denial of the motion to stay. In my view, for this Court to reverse the grant of summary judgment without also considering whether the motion to stay was properly denied, as the majority has done, is illogical and inconsistent because the trial court will now be required to hear the case in the absence of Clark, a necessary party whose rights and obligations are at the very center of the controversy. It thereby threatens to work substantial injustice to plaintiff, defendants, and Clark.

In reversing the grant of summary judgment, the majority correctly notes two genuine issues of material fact that should be submitted to the factfinder: "whether an unpaid contract balance remains between [defendant] Carmel and Clark and whether an unpaid con-

**PARK EAST SALES, L.L.C. v. CLARK-LANGLEY, INC.**

[186 N.C. App. 198 (2007)]

tract balance remains between Clark and plaintiff." Both of these issues clearly recognize that Clark is a necessary party to the proceedings. "Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined." *Equitable Life Assurance Soc'y v. Basnight*, 234 N.C. 347, 352, 67 S.E.2d 390, 395 (1951). Here, Clark has rights with respect to the amount it is owed by defendant Carmel and the amount it owes to plaintiff, and these rights must be determined before the suit between plaintiff and defendants can be resolved.

Although originally a party, Clark's filing in bankruptcy court operated as an automatic stay preventing other proceedings against it pursuant to 11 U.S.C. § 362 (2005). Therefore, despite Clark's joinder in the proceedings, in this case it was as if Clark had not been joined because the action could not proceed against Clark. This situation before us is directly analogous to a situation where a necessary party cannot be joined. Thus, in similar fashion, "[w]here . . . a fatal defect of the parties is disclosed, the court should refuse to deal with the merits of the case until the absent parties are brought into the action . . . ." *Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978). Although the bankruptcy filing created a stay with respect only to Clark and none of the other parties to the action, Clark's inability to litigate in a forum other than bankruptcy court affects the other parties whose claims depend on amounts owed to and owing from Clark. Accordingly, the trial court should have granted defendant Carmel's motion to stay adjudication of the claim between plaintiff and defendants.

If there were no factual dispute as to the amounts owed between the parties, then Rule 19(b) would allow the trial court to decide the case in Clark's absence, and a stay would be unnecessary. *See* N.C. Gen. Stat. § 1A-1, Rule 19(b) (2005). However, as the majority has thoroughly discussed, summary judgment was improperly granted because the amount owed by defendants to plaintiff raises genuine issues of material fact and depends on amounts owed to and owing from Clark. These circumstances make the denial of the stay unsupportable.

A trial court's denial of a motion to stay is subject to an abuse of discretion standard of review. *Home Indem. Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 113, 117, 493 S.E.2d 806, 809 (1997). "We should reverse a trial court and find an abuse of discretion . . . 'only upon a showing that its ruling could not have been the result of a reasoned decision.' " *State v. Campbell*, 177 N.C. App. 520, 530, 629 S.E.2d 345,

351 (quoting *State v. Burrus,* 344 N.C. 79, 90, 472 S.E.2d 867, 875 (1996)), *disc. review denied,* 360 N.C. 578, 635 S.E.2d 902 (2006).

The trial court's authority to grant or deny the stay comes from N.C.G.S. § 1-75.12, which provides for the grant of a stay "[i]f . . . the judge shall find that it would work substantial injustice for the action to be tried in a court of this State." N.C. Gen. Stat. § 1-75.12(a) (2005). To determine whether a stay should be granted:

> Relevant facts that may be considered include: the nature of the case, the applicable law, the convenience of witnesses, the availability of process to compel the attendance of witnesses, the ease of access to sources of proof, the burden of litigating matters of local concern in local courts, and other practical considerations which would make the trial easy, expeditious and inexpensive.

*Home Indem. Co.,* 128 N.C. App. at 119, 493 S.E.2d at 810. Applying these guidelines to the present case, it is clear that (1) Clark is a necessary party that could not proceed in the action; (2) bankruptcy court was a more convenient forum because all parties had already been joined in that action; and (3) hearing the action in bankruptcy court would avoid duplication of litigation effort, time, and costs by consolidating all issues into one trial, resulting in one enforceable judgment.

Because there were genuine issues of material fact requiring Clark's inclusion in the proceeding, it was unreasonable and an abuse of discretion for the trial court to deny the stay. The majority's fear that such a holding would "set a dangerous precedent" is unfounded. The exercise of discretion requires only that the court weigh the unique facts before it on a case-by-case basis. *United Servs. Auto. Ass'n v. Simpson,* 126 N.C. App. 393, 400, 485 S.E.2d 337, 341, *disc. review denied,* 347 N.C. 141, 492 S.E.2d 37 (1997). In this case, for the reasons stated, a stay should be granted, but such a holding here would not, as the majority asserts, "compel a stay to be entered in any pending multi-party state action where only one party later files bankruptcy."

Therefore, I would vote to reverse and remand the case to the trial court with instructions to grant the stay until the issues involving Clark are resolved in bankruptcy court, which will necessarily resolve the issues of fact noted by the majority, or until the bankruptcy stay is dissolved otherwise so that this action may proceed with Clark as a necessary party.